NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUL 14 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SANTOS GUILLERMO CRUZ LOPEZ, Petitioner, v. TODD BLANCHE, Acting Attorney General, Respondent. | No. 22-1465 Agency No. A208-935-906 MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 10, 2026**
Portland, Oregon

Before: GRABER, BERZON, and SUNG, Circuit Judges.

Petitioner Santos Guillermo Cruz Lopez, a native and citizen of Guatemala,

timely seeks review of a decision by the Board of Immigration Appeals ("BIA")

dismissing his appeal of an immigration judge's ("IJ") order that denied his

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT").[1]  "Because the BIA adopted and affirmed the IJ's decision here, we review both decisions."  Montejo-Gonzales v. Bondi, 166 F.4th 851, 854 (9th Cir. 2026) (en banc).  We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition in part and grant it in part.

1.  Petitioner failed to establish that "Guatemalans who cannot pay money to the gangs" is a cognizable particular social group for purposes of withholding of removal.  See 8 U.S.C. § 1231(b)(3)(A); Conde Quevedo v. Barr, 947 F.3d 1238, 1242 (9th Cir. 2020) (stating standard of review).  For a social group to be cognizable, it must be "(1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question."  Andrade v. Garland, 94 F.4th 904, 910 (9th Cir. 2024) (citations omitted).  As the agency explained, a person's inability to make extortion payments is not an immutable characteristic.  See Plancarte Sauceda v. Garland, 23 F.4th 824, 833 (9th Cir. 2022) ("The critical requirement is that the defining characteristic of the group be something that either cannot be changed or should not be required to be changed in order to avoid persecution."  (citation modified)).  Petitioner has not challenged on appeal the IJ's conclusion that his proposed group

---

[1] Petitioner seeks review of the agency's denials of his applications for withholding of removal and CAT protection but not its denial of his application for asylum.

is not immutable, so he has forfeited any argument that his proposed social group is cognizable. Hernandez v. Garland, 47 F.4th 908, 916 (9th Cir. 2022) (issues not "specifically and distinctly" argued in the appellant's opening brief are deemed forfeited). Moreover, the record does not demonstrate that Guatemalan society, in general, recognizes Petitioner's proposed group as socially distinct. See Conde Quevedo, 947 F.3d at 1242 ("Recognition of a group is determined by 'the perception of the society in question, rather than by the perception of the persecutor.'" (citation omitted)).

2. Substantial evidence does not support the agency's conclusion that Petitioner failed to establish a nexus between his religion and his past persecution and feared future persecution under the standards governing withholding of removal. See 8 U.S.C. § 1231(b)(3)(C); Rodriguez-Zuniga v. Garland, 69 F.4th 1012, 1018 (9th Cir. 2023) (stating standard of review); see also Barajas-Romero v. Lynch, 846 F.3d 351, 360 (9th Cir. 2017) (holding that the "a reason" nexus standard that applies to withholding of removal claims is "less demanding" than the "one central reason" standard for asylum claims). Petitioner credibly testified that, in 2006, four gang members who were armed with machetes approached him as he was leaving his evangelical church. The gang members knew Petitioner by name and told him that he should "not . . . go to church anymore because they didn't like religion," that he had to pay them 300 quetzales each month, and that

they would kill him if he kept going to church but failed to make the monthly payments. Petitioner made monthly payments and continued going to church, but one month after Petitioner missed one payment, the same four gang members confronted him—again, as he was leaving church—and attacked him with their machetes.

Although Petitioner's assailants were clearly motivated by financial gain, the record compels the conclusion that Petitioner's religion was also "a reason motivating the [gang] to target [him]." Rodriguez-Zuniga, 69 F.4th at 1019; see id. at 1019 n.2 ("Our caselaw permits someone to establish a nexus when one of the persecutor's motivations is financial so long as another motivation . . . is based on a victim's protected characteristic."); see also Ayala v. Sessions, 855 F.3d 1012, 1021 (9th Cir. 2017) ("[W]here the petitioner's [protected ground] is at least 'a reason' for the extortion, it is sufficient to meet the nexus requirement for withholding of removal.").

3. Substantial evidence supports the agency's holding that Petitioner is not eligible for CAT relief. See Uc Encarnacion v. Bondi, 156 F.4th 927, 935 (9th Cir. 2025) (stating standard of review). The record does not compel the conclusion that any torture that Petitioner might experience in Guatemala at the hands of gang members would occur with the acquiescence of a person acting in an official capacity. See 8 C.F.R. § 208.18(a)(1); Uc Encarnacion, 156 F.4th at 941; see also

Andrade-Garcia v. Lynch, 828 F.3d 829, 836 (9th Cir. 2016) ("[A] general ineffectiveness on the government's part to investigate and prevent crime will not suffice to show acquiescence.").

**Petition DENIED IN PART and GRANTED IN PART; REMANDED.**

Respondent shall bear the costs on appeal.

22-1465